**ALTEMOSE CONSTRUCTION COMPANY et al., Plaintiffs,**

**v.**

**BUILDING AND CONSTRUCTION TRADES COUNCIL OF PHILADELPHIA et al., Defendants.**

Civ. A. No. 73–773.

United States District Court,
E. D. Pennsylvania.

May 13, 1977.

Patrick Ryan, Drinker, Biddle & Reath, Philadelphia, Pa., for plaintiffs.

John W. Pelino, Philadelphia, Pa., for Altemose.

Gerard C. Smetana, Washington, D. C., for Chamber of Commerce.

Freedman, Borowsky & Lorry, Philadelphia, Pa., for Local 542.

Bernard Katz, Philadelphia, Pa., for defendants.

Robert Kelly, Philadelphia, Pa., for Local 690.

Markowitz & Kirschner, Philadelphia, Pa., for Local 5.

James D. McCrudden, Philadelphia, Pa., for Local 161.

E. Harris Baum, Philadelphia, Pa., for Local 1955.

Abrams & Abramson, Philadelphia, Pa., for Local 64 et al.

Venable, Baetjer & Howard, Baltimore, Md., for Assoc. Builders and Contractors, Inc., co-counsel.

Arthur E. Newbold, IV, Philadelphia, Pa., for KYW Television and Jack Fentress.

## MEMORANDUM OPINION AND ORDER

### HIGGINBOTHAM, District Judge.

A defendant in this federal civil action and in a related civil action in the Common Pleas Court of Montgomery County, Pennsylvania (*Altemose Construction Company, et al. v. Building and Construction Trades Council of Philadelphia, et al.,* No. 72–6295, Vincent A. Cirillo, J.), served Jack Fentress, program manager of KYW Television, with a subpoena duces tecum in each case. Fentress will be deposed for both actions simultaneously. In addition, Altemose Construction Company, a plaintiff in this and in the Montgomery lawsuits, served a subpoena duces tecum on Mr. Fentress in the Common Pleas action.

While the subpoena in this action requires Fentress to produce only a videotape of the Meeting House program telecast on October 26, 1976, one of the subpoenas served in the state action orders Fentress to bring to the same deposition "any and all affidavits or written statements" of certain named individuals. Exhibit "B", at 6, to Motion of KYW Television and Jack Fentress to Quash Subpoena Duces Tecum and for Protective Order.

Both Mr. Fentress and KYW Television filed with this Court a motion to quash the subpoena duces tecum and for a protective order. Prior to that time a similar motion had been filed in Montgomery County and the court had issued, on December 8, 1976, an order to show cause why the motion to quash the subpoena and motion for a protective order should not be granted.

After consideration of the motions and briefs of the parties, I shall grant the motion to quash the subpoena and grant the protective order; when Jack Fentress is deposed, questions must be limited to an identification of the material which was actually broadcast between 8:00 p. m. and 9:00 p. m. on October 26, 1976 on the program "Meeting House".

The plaintiffs' claim that the affidavits sought in this case are not protected by the First and Fourteenth Amendments to the Constitution; that those Amendments apply only to confidential material; and, that any claim of confidentiality has been waived by the disclosure of the affidavits to third parties and the numerous references to those affidavits in the course of the broadcast by both the interviewer and the affiants. In support of their contentions, plaintiffs further assert that the First Amendment does not confer absolute immunity upon the press which exercises a qualified right to gather information.

■ The Court freely accepts the proposition that no absolute rule of privilege protects newsmen. However, if one accepts Mr. Justice Powell's concurrence in *Branzburg v. Hayes,* 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972), then the Supreme Court has etched a case-by-case approach to the protection of news sources and background information, reflecting a concern for the First Amendment's protection of freedom of the press. Justice Powell wrote:

> The asserted claim to privilege should be judged on its facts by the striking of a proper balance between freedom of the press and the obligation of all citizens to give relevant testimony with respect to criminal conduct. The balance of these vital constitutional and societal interests on a case-by-case basis accords with the tried and traditional way of adjudicating such questions. 408 U.S. at 710, 92 S.Ct. at 2671.

Such a case-by-case analysis is mandated even more in civil cases than in criminal cases, for in the former the public's interest in casting a protective shroud over the newsmen's sources and information warrants an even greater weight than in the latter. See *Baker v. F. & F. Investment,* 470 F.2d 778 (2d Cir. 1972), *cert. denied,* 411 U.S. 966, 93 S.Ct. 2147, 36 L.Ed.2d 686 (1973). Several courts, in recent years, have adopted such an approach to a newsman's resistance to requests for discovery in civil cases and found the First Amendment interest to outweigh the litigant's need for full and complete disclosure. See *Baker v. F. & F. Investment, supra; Apicella v. McNeil Laboratories, Inc.,* 66 F.R.D. 78 (E.D.N.Y.1975); *Democratic National Committee v. McCord,* 356 F.Supp. 1394 (1973).

■ And this qualified privilege can even apply when the news source and, perhaps, a portion of the withheld writing, are not confidential. A similar case, *Loadholtz v. Fields,* 389 F.Supp. 1299 (M.D.Fla.1975), posed the issue whether sources and resource material, despite the lack of confidentiality, can be withheld in the face of the liberal rules of discovery embodied in the Federal Rules of Civil Procedure. Judge Charles R. Scott answered in the affirmative:

> The plaintiff contends, however, that no confidential source is involved in this case since the newspaper article itself quotes defendant Fields as the source of the statements made about plaintiff Loadholtz and the prior suit against Loadholtz giving rise to plaintiff's cause of action. This distinction is utterly irrelevant to the "chilling effect" that the enforcement of these subpoenas would have on the flow of information to the press and to the public. The compelled production of a reporter's resource materials is equally as invidious as the compelled disclosure of his confidential informants. 389 F.Supp. at 1303.

The appearance of the "sources" on television, and their discussion of the sought-after affidavits in general terms, does not warrant a different conclusion. The submission of the affidavits to two law enforcement functionaries by the affiants is a far cry from thousands of occupants opening the windows of their respective apartments and shouting a message for the world to hear.[1] Even if the latter publication had taken place, certainly the information desired would not have to be obtained from the newsmen, but would be available from alternate sources.

■ Even state law does not militate in favor of disclosure of the requested information, for the pertinent law of the Commonwealth of Pennsylvania provides that all of a newsman's "sources", (the word having been defined in *In Re Taylor,* 412 Pa. 32, 193 A.2d 181 (1963) to encompass persons and documents), are privileged, without reference to their confidentiality. 28 P.S. § 330(a) (Supp.1976–77).[2]

---

1. Cf. M. G. M.'s motion picture release "Network".

2. "No person . . . employed by . . . any radio or television station . . . , for the purpose of gathering, procuring, compiling, ed-

The plaintiffs have shown no particularized need for these affidavits; there has not even been a demonstration that the information could not be secured from alternative sources. The affidavits' materiality has not been shown.

The Court can limit the ambit of discovery in a civil case in the exercise of its broad discretionary powers. *Baker v. F. & F. Investment, supra,* 470 F.2d at 781.

On the present state of the record, I must agree with the movants, and grant their motion to quash the subpoena duces tecum and for a protective order. The deposition shall not be conducted until such time as the Common Pleas court has ruled on the outstanding Fentress and KYW's motion.

iting or publishing news, shall be required to disclose the source of any information pro-cured or obtained by such person, in any legal proceeding . . . ."