Anthony T. ZERILLI et al., Plaintiffs,

v.

Honorable Griffin BELL et al., Defendants.

Civ. A. No. 77–0546.

United States District Court, District of Columbia.

June 20, 1978.

Sol Z. Rosen, Washington, D. C., for plaintiffs.

Stuart F. Pierson and Richard L. Cys, Washington, D. C., for Seth Kantor.

## MEMORANDUM

GASCH, District Judge.

This case is before the Court on plaintiffs' motion to compel discovery. Plaintiffs Anthony T. Zerilli and Michael Polizzi bring this action under the Privacy Act, 5 U.S.C. § 552a (1976), against the Attorney General of the United States, the Director of the Federal Bureau of Investigation (FBI), and the Department of Justice. Plaintiffs contend that, during criminal proceedings against plaintiffs in the District Court for the Southern District of California, the Government disclosed that it possessed wiretap logs relating to conversations of plaintiffs. Subsequently, in June, 1971, in a separate proceeding, United States District Judge Gus Solomon for the District of Oregon ordered that these logs be sealed. Plaintiffs allege that, in August, 1976, the *Detroit News* published excerpts from the wiretap logs in a series of articles written by Seth Kantor and other members of the newspaper staff. Plaintiffs further allege that defendants released these wiretap logs without the consent of plaintiffs or the permission of a court.

The sole discovery sought by plaintiffs prior to the termination of discovery (December 11, 1977) consisted of one set of seven interrogatories. In addition to the ample discovery allotted, the Court also granted plaintiffs special leave to take the deposition of Seth Kantor on January 25, 1978. On February 3, 1978, plaintiffs noted the depositions of three staff members of the *Detroit News.* Defendants moved for a protective order to end discovery on the ground that the depositions were scheduled beyond the prescribed time for discovery. On March 1, 1978, plaintiffs made an oral motion to extend discovery for the purpose of taking these depositions, and this Court denied the motion. Although Seth Kantor was deposed six weeks earlier, it was only after the Court denied plaintiffs' request to take the depositions that plaintiffs filed the instant motion to compel discovery.

Plaintiffs bring this motion to compel witness Seth Kantor, a reporter for the *Detroit News,* to answer fourteen questions propounded by counsel for plaintiffs at his deposition on January 25, 1978 and produce certain documents. The questions sought to elicit the sources which provided information for the series of newspaper articles and, more specifically, which provided access to copies of the wiretap logs. A num-

ber of the questions requested specific information about the reporter's role and conversations in developing the articles. The witness based his refusal to answer the questions and produce the documents at issue on the First Amendment privilege "not to disclose information tending to identify confidential news sources." Deposition of Seth Kantor at 9. Plaintiffs claim that the right of plaintiffs to vindicate their legal rights in a civil case supersedes the qualified First Amendment privilege.

This discovery issue presents a conflict between the rights of civil litigants to pursue their claims in federal court and the First Amendment rights of newsmen to protect confidential sources and the editorial process. The compelled disclosure of journalist sources clearly impinges on the First Amendment, as it undeniably jeopardizes a journalist's ability to obtain information on a confidential basis. *See Baker v. F & F Investment,* 470 F.2d 778 (2d Cir. 1972), *cert. denied,* 411 U.S. 966, 93 S.Ct. 2147, 36 L.Ed.2d 686 (1973). It thus interferes with newsmen's right to gather and disseminate news and the public's right to receive news. *See Democratic Nat'l Comm. v. McCord,* 356 F.Supp. 1394, 1396 (D.D.C. 1973). Similarly, disclosure of the internal editorial process impacts on the First Amendment. As the Court of Appeals for the Second Circuit recently stated:

> Invoking the broad words of the First Amendment, the Supreme Court has never hesitated to forge specific safeguards to insure the continued vitality of the press. It has repeatedly recognized the essentially tripartite aspect of the press's work and function in: (1) acquiring information, (2) 'processing' that information and (3) disseminating the information. The Supreme Court was aware that if any link in that chain were broken, the free flow of information inevitably ceases.

*Herbert v. Lando,* 568 F.2d 974, 976 (2d Cir. 1977) (footnotes omitted).

■ Since the First Amendment is a "preferred" constitutional freedom, there must be a "compelling" interest in order to permit a countervailing right to take precedence over the journalist's right to protect confidential sources or the editorial process. *See NAACP v. Button,* 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963). The Supreme Court in *Branzburg v. Hayes,* 408 U.S. 665, 700, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972), determined that investigation of crime by a grand jury is such a compelling interest and therefore that the journalists would not be permitted to withhold confidential sources from a grand jury. However, Justice Powell, the fifth member of the majority, indicated in his concurring opinion that each claim of privilege under the First Amendment "should be judged on its facts by the striking of a proper balance between freedom of the press and the obligation of all citizens to give relevant testimony with respect to criminal conduct." 408 U.S. at 710, 92 S.Ct. at 2671.

Several courts have recognized that countervailing considerations in the context of civil litigation are less compelling. The Circuit Court in *Baker v. F & F Investment, supra,* 470 F.2d at 785, noted:

> If, as Mr. Justice Powell noted in [*Branzburg v. Hayes*], instances will arise in which First Amendment values outweigh the duty of a journalist to testify even in the context of a criminal investigation, surely in civil cases, courts must recognize that the public interest in non-disclosure of journalists' confidential news sources will often be weightier than the private interest in compelled disclosure.

*See Gilbert v. Allied Chemical Corp.,* 411 F.Supp. 505, 510 (E.D.Va.1976); *Apicella v. McNeil Laboratories, Inc.,* 66 F.R.D. 78, 83 (E.D.N.Y.1975); *Democratic Nat'l Comm. v. McCord,* 356 F.Supp. at 1398.

■ In the instant case, the Court does not find a compelling interest sufficient to warrant the subordination of First Amendment values. The Court is unpersuaded by plaintiffs' argument that the overriding interest present is plaintiffs' right to adjudicate their civil suit under the Privacy Act. The Court in *Baker v. F & F Investment, supra,* 470 F.2d at 782–83, rejected the position that compelling disclosure for the pur-

pose of litigating a civil claim under a federal statute constituted an overriding interest. The Court concludes that the private interest of the plaintiffs in vindicating their rights and the public interest in the right to sue cannot justify the "chilling" effect on the First Amendment that would inevitably result from disclosure of confidential news sources or the editorial process.

 Moreover, although this case is not frivolous and the information sought is clearly material, plaintiffs did not exhaust other means of obtaining the information. *See Garland v. Torre,* 259 F.2d 545 (2d Cir.), *cert. denied,* 358 U.S. 910, 79 S.Ct. 237, 3 L.Ed.2d 231 (1958). In response to plaintiffs' interrogatories, defendants stated that "[t]he investigation of the Assistant Attorney General developed no information or evidence that any representative or employee at the Department of Justice disclosed logs to the media as is generally alleged in the complaint." Defendants' Answers to Plaintiffs' Interrogatories, No. 6, at 4. Defendants also disclosed that they possessed four copies of the logs at issue and also provided the names of the individuals who would have the greatest knowledge of these logs. *Id.* No. 1, at 1. In support of his decision not to depose any Justice Department employee, counsel for plaintiffs states:

> The Department of Justice has certified to the Court that as a result of an internal investigation no individual connected with the Department of Justice released these documents to the Detroit News or its staff members. Counsel for the plaintiffs accepts the representation of Paul Figley, Esquire, without deeming it necessary to depose any individual employee of the Department of Justice or the F.B.I.

Reply to Opposition to Compel Discovery, at 2–3. It is not clear from this statement what representation counsel intended to accept. If he intended to accept the representation that no Department of Justice employee released the logs, then counsel is conceding this case. If he merely intended to accept the representation that the Jus-

tice Department investigation failed to develop evidence that a Justice Department employee released the logs, then plaintiffs should have, at least, deposed the individuals named in defendants' answers to plaintiffs' interrogatories. Perhaps plaintiffs filed this motion to compel discovery rather than take these depositions because the time for discovery had ended.

Plaintiffs thus failed to show that the "only practical access to crucial information necessary for the development of the case is through the newsman's sources." *Gilbert v. Allied Chemical Corp., supra,* 411 F.Supp. at 510. Accordingly, the Court will deny plaintiffs' motion to compel discovery.