**STEAKS UNLIMITED INC., Plaintiff,**

v.

**Donna DEANER and WTAE–TV 4 and Hearst Corporation, Defendants.**

**Civ. A. No. 77–803.**

United States District Court,
W. D. Pennsylvania.

Oct. 20, 1978.

---

Robert N. Gluck, Gluck & Miller, Wooster, Ohio, Harrington & Schweers, Pittsburgh, Pa., for plaintiff.

Baker, Hostetler & Patterson, Cleveland, Ohio, Moorhead & Knox, Pittsburgh, Pa., for defendants.

## MEMORANDUM AND ORDER

COHILL, District Judge.

Plaintiff, Steaks Unlimited, Inc., brought a diversity action seeking damages from the defendants, (1) Donna Deaner, who was formerly a reporter for WTAE–TV, (2) WTAE–TV, which is a division of the Hearst Corporation, and (3) the Hearst Corporation. The plaintiff alleged that it was defamed during a consumer affairs portion of a WTAE–TV news telecast in which Ms. Deaner reported on a steak sale that the plaintiff conducted at Pittsburgh area Zayre stores. A duplicate of the broadcast tape has been made a part of the record.

Pursuant to Fed.R.Civ.P. 34, plaintiff requested that the defendants produce, *inter alia,* the "outtakes" of the telecast which are those portions of the film that were not shown to the viewing audience. At oral argument, counsel for defendants represented that the outtakes consisted of (1) an interview at the Zayre store with one Aubrey Mills, who was a transient employee of plaintiff whose whereabouts are presently unknown; (2) interviews at the Zayre store with two persons whose identities have not been disclosed; and (3) a private interview with a person whose identity has been disclosed. A portion of the Aubrey Mills interview, but no part of the other interviews, was telecast.

As a result of defendants' refusal to produce any of the outtakes, plaintiff, pursuant to Fed.R.Civ.P. 37(a)(2), filed a Motion to Produce, asserting that the outtakes are crucial to the issue of malice. We have studied the briefs submitted and heard oral argument.

We agree with defendants that under Pennsylvania's so-called "Shield Statute," 28 P.S. § 330 (Supp.1978–1979), the outtakes need not be produced. The leading case in Pennsylvania on the Shield Statute is *In re Taylor,* 412 Pa. 32, 193 A.2d 181 (1963), which states that the statute must be construed liberally in favor of the news media, *id.* at 40, 193 A.2d at 185, and holds that the law covers documents as well as personal informants, *id.* at 40–41, 193 A.2d at 184–85. Applying these principles to this case, we have determined that the video tapes of the interviews contained in the outtakes are documentary "sources of information" for

the defendants within the meaning of the Shield Statute. Plaintiff's argument that it knows the identity of one of the interviewees overlooks the possibility that the Mills interview would still reveal other sources of information that the law intended to protect, which was a fear the court in *Taylor* decided justified the invocation of the privilege. *Id.* at 42, 193 A.2d at 186.

Any waiver by the defendants of their rights under the Shield Statute as to the Mills interview would extend only to statements "actually published or publicly disclosed," *id.,* which we interpret to apply only to the portions actually telecast. *See also Altemose Const. v. Building & Const. Trades Council,* 443 F.Supp. 489, 491 (E.D. Pa.1977).

AND NOW, to-wit, this 20th day of October, 1978, in accordance with the foregoing, it is ORDERED, ADJUDGED and DECREED that plaintiff's Motion to Produce be and hereby is denied.