In re CHRISTIAN LIFE CENTER,
et al., Debtor.

Robert KLOSE, Applicant,

v.

UNITED STATES BANKRUPTCY
COURT, Conley S. Brown,
Respondent,

Christian Life Center, et al., Real
Party in interest.

BAP No. NC-81-1347-GEV.

Bankruptcy No. 1-7900779.

Adversary Nos. 1-80-0004, 1-80-0050.

United States Bankruptcy Appellate Panels
of the Ninth Circuit.

Argued Nov. 25, 1981.

Decided Sept. 9, 1982.

Chris P. Andrian, Santa Rosa, Cal., Timothy H. Fine, Law Offices of Timothy H. Fine, San Francisco, Cal., for appellant.

Malcolm A. Misuraca, Misuraca, Beyers & Costin, Santa Rosa, Cal., for appellee.

OPINION

Before GEORGE, ELLIOTT and VOLINN, Bankruptcy Judges.

ELLIOTT, Bankruptcy Judge:

Petitioner Klose petitions for relief from a contempt order issued by respondent trial judge.

The debtor, Christian Life Center, operated a church. Members of the church were asked to deposit their money, at interest, with the church. The State Superintendent of Banks investigated and decided that the church was operating a bank without appropriate government permission and issued a cease and desist order. This was apparently followed by a "run on the bank" and the debtor sought protection of the bankruptcy court.

Former members of the church filed a fraud action against the debtor and its pastor in state court. The debtor removed the case to the bankruptcy court. The pastor subpoenaed petitioner Klose, a newspaper reporter who had written extensively about the debtor's problems with the state. Klose is not a party to the litigation.

Mr. Klose refused to respond to preliminary questions propounded by Judge Brown. The questions Klose refused to answer are as follows:

1. Did you cause another employee of the Press Democrat (Klose's employer) to deposit a hundred dollars in the trust?

2. Did you try to get the Corporations Commissioner to investigate the Christian Life Center Trust Fund?

3. If yes, did he refuse?

4. Did you ask the Superintendent of Banks to investigate or did you file a complaint?

Newsman Klose's refusal to answer was based upon Federal Rule of Evidence 501, California Evidence Code § 1070 and case law developing therefrom. *Los Angeles Memorial Coliseum v. National Football League,* 89 F.R.D. 489 (1981), interpreting Rule 501 and discussing § 1070 as well as the First Amendment and the California Constitution is dispositive. As stated by the court at Page 494,

In civil cases, courts faced with motions to enforce or to quash subpoenas directed against non-party journalists have refused to enforce such subpoenas, absent a showing: (1) that the information is of certain relevance; (2) that there is a compelling reason for the disclosure; (3) that other means of obtaining the information have been exhausted; and (4) that the information sought goes to the heart of the seeker's case.

The defendant pastor has not satisfied the standards set forth in the *Coliseum* case. Whether Klose called the matter to the attention of the authorities by inquiry or complaint is of uncertain relevance at best, and the information clearly does not go to the heart of the seeker's defense.

There has been no showing that the information sought by questions 2, 3 and 4 put to reporter Klose could not be obtained from other sources. Indeed, the petitioner has submitted affidavits by the Commissioner of Corporations and the superintendent of Banks that supply answers to the trial court's questions.

The California Code of Evidence and the Federal common law, as set forth in *Branzburg v. Hayes,* 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972), allows the preliminary questioning of a reporter to determine if he was an instigator or participant (as opposed to a mere reporter) of the illicit activity in question. The *Branzburg* case, however, involved grand jury investigation of criminal activity. The court in the *Coliseum* case remarked, 89 F.R.D. at Page 493,

> Courts have emphasized that the public interest in protecting journalists' confidential sources is even stronger in civil cases than it is in criminal cases. [citing case], 'in civil cases . . . the public interest in non-disclosure of a journalist's confidential sources outweighs the public and private interest in compelled testimony.'

We reverse and remand to the trial court with instructions to vacate the citation and order holding Klose in contempt.

GEORGE, Bankruptcy Judge, dissenting:

I cannot agree with the reasoning of my brethen in this matter. Like the majority, I am seriously troubled with the *apparent* irrelevancy of Mr. Klose's testimony to the issues raised by the pleadings in these proceedings. In this regard, an examination of the record given us would *suggest* that Christian Life Center seeks to defend against the Plaintiff's claims of fraud by merely transferring liability for the latter parties' damages to the person who reported that fraud to the state authorities. No known principle of law would support such a defense. Evidence to that effect would, therefore, be irrelevant, as a matter of law.

Nevertheless, appellate courts are generally reluctant to participate in an interlocutory review of relevancy issues. Often, trial courts permit a limited amount of questioning in areas which may seem, at first, to be irrelevant, simply to lay a groundwork for making a better-informed final relevancy determination. Indeed, the sample questions proposed by the trial court would all seem to be foundational in nature. It is true that these particular questions do not go fully to the issue of whether Mr. Klose did more than simply report the suspected violations of Christian Life Center to the proper state authorities. Still, these queries could provide a necessary introduction for additional inquiry into whether Mr. Klose may have purposely misled the California Superintendent of Banks into issuing a cease and desist order against the Christian Life Center. Such evidence may, in turn, be relevant in evaluating whether the Defendants were guilty of intentional misstatements to the Plaintiffs. Although I join my brethen in doubting that such a defense can be established, I would not, on relevancy grounds alone, deny the trial court the discretion to explore this line of inquiry.

Similarly, I do not feel that the Panel should look to the balancing requirements of Federal Rule of Evidence 403 in examining the trial court's actions. No objection has been made to the admissibility of Mr. Klose's testimony on that ground. More-

over, the use of this rule to exclude relevant evidence is highly discretionary. Given that the Panel has not been fully apprised of what further questions may be asked of Mr. Klose, we are not in a position to determine whether the final thrust of Mr. Klose's testimony would counterbalance any harm done the jury, should that evidence eventually prove irrelevant.

In short, I am not now prepared to find that the trial judge abused his discretion in permitting this line of questioning. Therefore, if we are to find that the trial court's contempt order and its refusal to quash Mr. Klose's subpoena were improper, we must do so in response to the "reporter's privilege" ground raised by the petitioner.

Clearly, if the testimony sought to be elicited from the petitioner is privileged, nothing would preclude the Panel from interposing its jurisdiction, by interlocutory review, to prevent the trial court from imposing sanctions against Mr. Klose. In asserting such a privilege, the petitioner has referred the Panel to three sources: a) the news reporter's privilege established by Fed.R.Evid. 501 and Cal.Evid.Code § 1070; b) the reasoning of *Branzburg v. Hayes*, 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972) and subsequent cases; and c) the interpretation of *Branzburg* given in *Los Angeles Memorial Coliseum v. National Football League*, 89 F.R.D. 489 (C.D.Cal. 1981) and its supporting cases.

None of these bases for asserting a reporter's privilege, however, protects a newsman from all inquiries under oath. *Branzburg v. Hayes, supra; Garland v. Torre*, 259 F.2d 545, 548 (2d Cir.), *cert. denied*, 358 U.S. 910, 79 S.Ct. 237, 3 L.Ed.2d 231 (1958); *Altemose Const. v. Bldg. & Const. Trades Council*, 443 F.Supp. 489, 491 (E.D.Pa.1977). More importantly, in light of the alleged facts of this case, a reporter may not claim a privilege from having to testify where his testimony will deal with something other than a news-gathering or reporting function. *See, e.g., Rosato v. Superior Court of Fresno County*, 51 Cal.App.3d 190, 218–19, 124 Cal.Rptr. 427, 446 (1975), *cert. denied*, 427 U.S. 912, 96 S.Ct. 3200, 49 L.Ed.2d 1204

(1976) (newsman's privilege does not avoid testimony as to own participation in or observation of criminal activity), *citing Branzburg v. Hayes, supra* 408 U.S. at 691–92, 92 S.Ct. at 2661–62.

In the *Los Angeles Memorial Coliseum* case, for example, Judge Pregerson was careful to note, in his statement of the facts of that case, that "[n]either reporter [had] participated in any transaction that involve[d] the subject matter of [the] lawsuit." The newsmen in *Los Angeles Memorial Coliseum* had simply collected information and disseminated a portion of that information to the public. Each of the cases cited in *Los Angeles Memorial Coliseum,* in support of the four-part threshold inquity it would require in civil cases, involves a similar fact situation. *See Silkwood v. Kerr-McGee Corp.,* 563 F.2d 433 (10th Cir. 1977); *Baker v. F & F Investment,* 470 F.2d 778 (2d Cir. 1972); *Garland v. Torre, supra; Zerilli v. Bell,* 458 F.Supp. 26 (D.D.C.1978); *Gulliver's Periodicals, Ltd. v. Chas. Levy Circulating Co.,* 455 F.Supp. 1197 (N.D.Ill.1978); *Altemose Const. v. Bldg. & Const. Trades Council, supra; Gilbert v. Allied Chemical Corp.,* 411 F.Supp. 505 (E.D.Va.1976).

In the instant proceeding, the defendants do not seek to uncover the petitioner's sources or any of the additional information he may have obtained concerning the subject matter of the litigation at hand. Rather, they are ostensibly attempting to demonstrate that it was Mr. Klose's non-reportorial actions, not their alleged misconduct, which were the legal cause of the plaintiffs' losses.

In this regard, a reporter's protected duties do not include either the manufacturing of news or its orchestration. They are simply the purveyors of existing information. To be sure, there may be circumstances in which a reporter's personal actions will be so intertwined with his news-gathering pursuits that the First Amendment may give rise to a privilege which would preclude inquiry into any of his activities. It was, perhaps, this concern which prompted the trial court to propose sample

questions to guide the defendants' counsel around any areas of constitutionally-protected conduct. I do not find that the questions proposed by the trial judge delve, unduly, into any such areas. Rather, they merely address possible efforts by Mr. Klose to initiate a state investigation of the defendants. Although such actions may have been entirely proper, even laudable, they were not part of a newsman's constitutionally-protected reportorial duties.

Cal.Evi.Code § 1070 similarly protects only the news-gathering activities of newsmen. By its provisions, a newsman may not be held in contempt "for refusing to disclose ... the source of any information procured *while so connected or employed for publication* in a newspaper, magazine or other periodical publication, or for refusing to disclose any unpublished information *obtained or prepared in gathering, receiving or processing of information for communication to the public.*" Cal.Evi.Code § 1070 (West Supp.1982) (emphasis supplied). *See also Rosato v. Superior Court of Fresno County, supra.*

As stated earlier, I am far from convinced that Mr. Klose's alleged actions will transfer liability from the defendants or that his testimony is relevant to the issues raised below. Still, I would not, by interlocutory appeal, find an abuse of discretion by the trial court in allowing this line of questioning. Similarly, I do not believe that the questions permitted by the trial court inquire into activities of the petitioner which are protected under the First Amendment or the federal and state privilege rules.